(89 Misc. Rep. 565)

### ARTHUR WOLFSOHN CO., Inc., v. JAFFE et al.

(Supreme Court, Special Term, New York County. March, 1915.)

PLEADING ⬅345—JUDGMENT ON PLEADINGS—MOTIONS.

    Where, in an action on a written contract and on an implied obligation to pay certain money received by defendants for plaintiff's account under a written agreement, the complaint is not defective in substance for failure to specifically allege that under the written agreement as pleaded and that alone a balance is due plaintiff, and where a demurrer to the complaint admits that a balance due under the contract, together with the cash collected by defendants in connection therewith, exceeds all defendants' charges, defendants' motion for judgment on the pleadings will be denied, and plaintiff's motion for a like judgment will be granted.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. ⬅345.]

Action by the Arthur Wolfsohn Company, Incorporated, against Max Jaffe and others. Cross-motions were filed under Code Civ. Proc.

§ 547, for judgment on the pleadings.   Defendants' motion denied, and plaintiff's motion granted.

See, also, 152 N. Y. Supp. 1097.

Rosenthal & Heermance, of New York City, for plaintiff.
Briesen & Knauth, of New York City, for defendants.

GUY, J.  Cross-motions are made under section 547 of the Code for judgment on the pleadings, consisting of the amended complaint and defendants' demurrer.

The complaint alleges the execution by the parties of a written agreement that the defendants would advance for the account of the plaintiff from time to time sufficient funds to enable the plaintiff to import the merchandise of foreign manufacturers;` that the plaintiff would cause such merchandise to be shipped to the defendants, and as sold by the plaintiff assign the customers' invoices on such sales to the defendants in lieu thereof, the defendants to credit the plaintiff with the amounts of such invoices, collect the same, and, after reimbursing themselves for the amount of their advances, together with the necessary charges on the merchandise and deducting a commission for their services, to pay over to the plaintiff on demand the balance of the fund; said agreement to remain in force until canceled by either party in the manner prescribed therein.  The plaintiff pleads the agreement in legal effect as aforesaid, and alleges due performance and the cancellation of the contract as prescribed therein prior to the beginning of the action; that during the existence of the agreement and in pursuance thereof the defendants received from the plaintiff assigned invoices, all of which the defendants have collected, "and in addition thereto received for the plaintiff's account in connection with said transactions under said agreement various sums in cash, which said assigned and collected invoices and cash amounted in the aggregate to the sum of $103,719.54"; that out of said moneys so received and collected the defendants have reimbursed themselves for the amount of their advances for the purchase of the merchandise, also for their necessary charges thereon and commissions, such advances, charges, and commissions amounting in the aggregate to the sum of $95,348.39; and that by reason of said facts there is due and owing from the defendants to the plaintiff $8,371.15, no part of which has been paid, although demanded.

The defendants contend that the complaint is insufficient, because it fails to allege that, after charging the amount of the defendants' advances, charges, and commissions against the moneys collected by the defendants on the assigned invoices, any balance remains due to the plaintiff, the plaintiff's allegation being that the moneys collected on the assigned invoices, together with "various sums in cash" received by the defendants "for the plaintiff's account in connection with said transactions under said agreement," exceed the defendants' advances, charges, and commissions by the sum of $8,371.15.  I do not think the complaint is defective in substance because it fails to show specifically that under the written agreement as pleaded, and that alone, a balance is due the plaintiff.  The plaintiff's action is based, not only on the

written contract, but also on the alleged implied obligation of the defendants to pay the cash claimed to have been received by them for the account of the plaintiff in connection with the transactions under the written agreement. And as the demurrer admits that the balance under the contract, together with the cash collected by defendants in connection therewith, exceeds all the defendants' charges, I think the complaint states a prima facie case.

Defendants' motion for judgment on the pleadings denied, with $10 costs. Plaintiff's motion granted, with $10 costs.

Ordered accordingly.